1 Michael G. Marderosian, No. 077296 (mick@mcc-legal.com)
  Heather S. Cohen, No. 263093 (heather@mcc-legal.com)
2 MARDEROSIAN & COHEN
  1260 Fulton Street
3 Fresno, CA 93721
  Telephone:  (559) 441-7991
4 Facsimile: (559) 441-8170

5 Attorneys for:  Defendant INSIGHT BREWING COMPANY, LLC

6

7

8         UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA

10 SEPARATOR TECHNOLOGY ) Case No.
  SOLUTIONS US INC.,    )
11            ) **NOTICE OF REMOVAL OF CASE TO**
            ) **FEDERAL COURT BY DEFENDANT**
12     Plaintiff,  )
            ) **[28 U.S.C. §§ 1441 and 1446]**
13   v.       )
            )
14 INSIGHT BREWING COMPANY, LLC, )
  and DOES 1-10, inclusive,  )
15            )
     Defendants.  )
16 _____ )

17    Defendant INSIGHT BREWING COMPANY, LLC, through its attorneys of record, hereby

18 provides notice of removal of this case from the Fresno County Superior Court. This removal is based

19 on 28 U.S.C. §§ 1441(b) and 1446(b) on the following grounds.

20           **JURISDICTION**

21    1.  This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1332(b), and

22 1441 because it is an action between diverse parties, the Defendant is not a citizen of the state in

23 which the action is pending, and the amount in controversy exceeds $75,000.

24    2.  District courts have original jurisdiction of the civil action where the matter in

25 controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). If any

26 defendant is a citizen of the state where the action is brought, the action may not be removed. 28

27 U.S.C. § 1441(b)(2).

28 ///

MARDEROSIAN & COHEN
1260 Fulton Street
Fresno, CA 93721

**PLEADINGS AND ORDERS**

3.     On September 17, 2018, Plaintiff filed its Summons, Complaint and Civil Case Cover Sheet with the Fresno County Superior Court ("Action"). On this same date the Summons was issued by the Fresno County Superior Court.

4.     On September 17, 2018, the Fresno County Superior Court issued a Notice of Case Management Conference and Assignment of Judge for All Purposes.

5.     On September 17, 2018, Defendant received a courtesy copy of the Summons and Complaint in the Action from counsel for Plaintiff.

6.     A copy of all of the pleadings in the Defendant's file are attached hereto as Exhibits 1 through 4 as follows:

| NO. | DATE | DOCUMENT | FILED BY |
|---|---|---|---|
| 1 | 09/17/18 | Complaint | Plaintiff |
| 2 | 09/17/18 | Civil Case Cover Sheet | Plaintiff |
| 3 | 09/17/18 | Summons | Plaintiff |
| 4 | 09/17/18 | Notice of Case Management Conference and Assignment of Judge for All Purposes | Fresno County Superior Court |

7.     The only matters set for hearing in the Fresno County Superior Court is the Case Management Conference on January 14, 2019.

**NOTICE OF REMOVAL IS TIMELY**

8.     On September 17, 2018, Defendant received a courtesy copy of the Summons and Complaint in the Action from counsel for Plaintiff. See Correspondence attached as Exhibit A to the accompanying Declaration of Michael G. Marderosian.

9.     Defendant has not been formally served with the Summons and Complaint and therefore no date for Defendant's response to the Complaint is yet set. No proof of service of the Summons and Complaint has been filed in the Fresno County Superior Court. A copy of the Fresno County Superior Court docket is attached hereto as Exhibit 5.

**VENUE AND INTRADISTRICT ASSIGNMENT**

10.     The Action was filed in the Fresno County Superior Court. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(1), 1391, 1441(a) and 1446.

**COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT**

11.    As alleged in Paragraph 2 of the Complaint, Insight Brewing Company, LLC, is a limited liability company with its principal place of business in Minneapolis, Minnesota. See the Complaint attached as Exhibit A and the Minnesota Secretary of State Business Records Detail attached as Exhibit B to the accompanying Request for Judicial Notice.

12.    Because the remaining defendants are fictitiously named, their citizenship need not be considered for purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 676, 690-691 (9th Cir. 1998).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

13.    The amount in controversy exceeds $75,000, exclusive of interest and costs. See Page 10 of the Complaint attached hereto as Exhibit 1 and attached as Exhibit A to the accompanying Request for Judicial Notice.

**NOTICE TO PLAINTIFF**

14.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been made. A copy of the Notice to Adverse Parties of Removal of Case to Federal Court which attaches this Notice of Removal and will be filed with the Fresno County Superior Court is attached hereto as Exhibit 6.

**THERE IS ALREADY LITIGATION BETWEEN THESE PARTIES
OVER THIS ISSUE PENDING IN THE
UNITED STATES DISTRICT COURT OF MINNESOTA**

15.    There is currently an action pending in the United States District Court, District of Minnesota, Case No. 0:18-CV-02621, between these Parties pertaining to the contract in question. A copy of this Complaint is attached as Exhibit B to the accompanying Declaration of Michael G. Marderosian.

WHEREFORE, Defendant prays that this action be removed to this Court.

Dated:  October 1, 2018                    MARDEROSIAN & COHEN

                                           */s/ Michael G. Marderosian*
                                    By:_____
                                           Michael G. Marderosian
                                           Attorneys for Defendant INSIGHT
                                            BREWING COMPANY, LLC

EXHIBIT 1

JODY L. WIINTER, #249592
JENNIFER J. PANICKER, #258656
SEAN A. FREDIN, #315513
LLOYDWINTER, P.C.
1724 Broadway Street, Suite #6
Fresno, CA 93721
559-233-3636
559-385-2000 (fax)
jwinter@lloydwinterlaw.com

E-FILED

9/17/2018 8:00 AM

FRESNO COUNTY SUPERIOR COURT
By: A. Rodriguez, Deputy

Attorneys for plaintiff
Separator Technology Solutions US Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

UNLIMITED CIVIL DIVISION

| | |
|---|---|
| SEPARATOR TECHNOLOGY SOLUTIONS US INC.,<br><br>Plaintiff,<br><br>v.<br><br>INSIGHT BREWING COMPANY, LLC AND DOES 1-10,<br><br>Defendants. | CASE NO. 18CECG03120<br><br>COMPLAINT |

TO: THE HONORABLE JUDGE OF THE ABOVE ENTITLED COURT

NOW COMES plaintiff, Separator Technology Solutions US Inc., in the above captioned action, and alleges as follows:

I.

PARTIES

1. Plaintiff, Separator Technology Solutions US Inc., (hereafter "Separator") is a California corporation with its current principal place of business in San Leandro, California.

2. Defendant Insight Brewing Company, LLC ("defendant") is a limited liability company with its principal place of business in Minneapolis, Minnesota.

3. Separator is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action, the agent, employee, representing partner, supervisor, managing agent, or joint venture of each of the remaining defendants, and was acting within the

1  course and scope of that relationship. Separator is further informed and believes, and thereon

2  alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts

3  alleged herein to each of the remaining defendants. Defendants are sued both in their own right

4  and on the basis of respondeat superior.

5      4. DOES 1-10 have been sued by such fictitious names, because their true names and

6  capacities presently are unknown to Separator. Separator, through the development of further

7  discovery in the form of depositions, interrogatories, request for production of documents and

8  further modes of discovery, expects to identify said co-conspirators; when the identities of said

9  co-conspirators are known, Separator intends to amend his complaint so as to properly and fully

10  identify said persons, entities, and/or otherwise DOE defendants.

11  II.

12  <u>VENUE AND JURISDICTION</u>

13      5. Jurisdiction is proper in this Court. The claims at issue are state court claims that exceed

14  the jurisdictional minimum.

15      6. Venue in this Court is proper pursuant to the parties' agreement.

16  III.

17  <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

18      7. Defendant is a craft brewing company.

19      8. In or about November 2017, defendant solicited a quote from Separator for a new STS45

20  centrifuge machine for use in defendant's craft brewing operation.

21      9. Separator sent a written Quote to defendant on or about November 10, 2017. Therein,

22  Separator set forth a detailed proposal for the new STS45. The Quote stated that a 70% deposit of

23  the $145,000 purchase price (or $101,500) would be required before Separator would begin

24  building the new STS45.

25      10. Separator also sent defendant written Conditions of Sale, which included additional

26  terms of the parties' agreement.

27  / / /

28

-2-

1    11.  Defendant accepted the Quote and Conditions of Sale in December 2017 by oral

2    acceptance and by paying Separator the $101,500 deposit on December 15, 2017.

3    12.  Together, the Quote and Conditions of Sale form the parties' agreement.

4    13.  Pending completion and delivery of the new STS45, Separator loaned defendant a

5    STS45 (the "stop-gap STS45"). The stop-gap STS45 was to be returned immediately when the

6    new STS45 was ready for delivery.

7    14.  Separator provided additional products to defendant, which products totaled $12,500.

8    Separator submitted an invoice for $12,500 to defendant (the "Invoice"). The Invoice remains

9    unpaid.

10   15.  Separator notified defendant in writing on July 26, 2018 that the new STS45 would be

11   ready to ship on August 9, 2018.  Defendant thereafter made repeated written reference to that

12   date in subsequent correspondence including seeking to re-confirm the ship by date of August 9,

13   2018 remained firm.  Separator duly prepared the new STS45 for shipment on August 9, 2018.

14   16.  Just prior to the shipment of the new STS45, expressly August 7, 2018, defendant

15   notified Separator that it wished to cancel its order for the new STS45.

16   17.  The parties' agreement provides that cancellation is only permissible with Separator's

17   permission, and that the penalty for cancellation is costs plus at least 10% of the parties' invoice.

18   18.  Separator accepted the cancellation and indicated that an appropriate portion of

19   defendant's deposit would be returned once the stop-gap STS45 was returned to Separator.

20   19.  The stop-gap STS45 is a rather large machine. The process of returning it involves a

21   Separator employee inspecting it on site to ensure it has not been damaged, decommissioning it in

22   preparation for shipment, and, finally, shipment back to Separator's facility.

23   20.  Defendant refused to return the stop-gap STS45 and refused to allow any Separator

24   employee on the premises to inspect or decommission the stop-gap STS45.

25   21.  Defendant claims that it is entitled to a return of 100% of its deposit. Defendant points to

26   a provision in the parties' agreement that provides for a 100% money back guarantee within three

27   months from the date of receipt of a machine as the basis for its claim.

28

COMPLAINT

22.   Defendant's claim is without merit. The purpose of the money-back guarantee is to provide relief in the event a client receives its new machine and is dissatisfied. Defendant cancelled its order for the new STS45 and never received it. Thus, the applicable provision to these circumstances is the cancellation provision.

23.   In any event, if defendant has a dispute with Separator regarding the percentage of its deposit that should be returned, the recourse for that dispute is to file suit for return of defendant's deposit. Rather, defendant has chosen to engage in vigilante justice, refusing to return the stop-gap STS45 and attempting to convert that machine as leverage to obtain a favorable result in its deposit dispute with Separator. Such behavior is wholly inappropriate.

24.   Separator utilizes the stop-gap STS45 as a loaner machine pending the sale of a new STS45 (as in this case) and also rents it out weekly for various entities. Separator had the new STS45 ready to ship on August 9, 2018 and expected to receive the stop-gap STS45 back or about on that date.

25.   The refusal of defendant to return the stop-gap STS45 has cost Separator significant funds. Defendant has refused to pay the $5,000 per week rental fee to keep the stop-gap STS45 since cancelling the new STS 45 purchase order. There are multiple other entities that wish to rent it but are unable to because it is being held hostage by defendant.

26.   Separator has demanded that defendant return the stop-gap STS45. It has put defendant on notice that defendant's refusal to do so is a direct interference with Separator's business and is causing Separator damage. Yet, defendant still refuses to return the stop-gap STS45 or permit Separators access to inspect and/or decommission the stop-gap STS 45. Indeed it is highly likely that defendant is still using the stop-gap STS 45 without paying its weekly rent since they have refused access to decommission the centrifuge, which begins by dismantling it from the brewery machinery.

27.   Defendant's actions in this case have been frivolous, malicious, willful, and in bad faith.

/ / /

/ / /

1

IV.

2

<u>FIRST CAUSE OF ACTION</u>
(Conversion – Refusal to Return Property)

3

4       28.   Separator hereby incorporates paragraphs 1 through 27 as though fully set forth herein.

5       29.   Separator owns and has a right to possess the stop-gap STS45 at all times relevant to this

6     action. Separator loaned the stop-gap STS45 to Insight temporarily on the understanding and

7     agreement that the stop-gap STS45 would be immediately returned when Separator notified

8     Defendant that the new STS45 was ready for delivery.

9       30.   Separator so notified Insight on or about August 8, 2018 and on multiple occasions

10    thereafter.

11      31.   Defendant refused and refuses to return the stop-gap STS45 to Separator, thereby

12    intentionally and substantially interfering with Separator's property.

13      32.   Separator has demanded the return of the stop-gap STS45. Separator did not consent to

14    defendant's retention of the stop-gap STS45 past August 9, 2018 when the new STS45 was ready

15    to ship.

16      33.   As a result of defendant's refusal to return the stop-gap STS45, Separator has been

17    damaged in an amount not less than $25,000.

18      34.   Defendant's actions were willful, malicious, and intentionally carried out to harm

19    Separator. Separator therefore requests an award of punitive damages.

20

V.

21

<u>SECOND CAUSE OF ACTION</u>
(Intentional Interference with Prospective Economic Relations)

22

23      35.   Separator hereby incorporates paragraphs 1 through 27 as though fully set forth herein.

24      36.   Separator and multiple other entities were in or would have been in an economic

25    relationship that did or likely would have resulted in an economic benefit to Separator.

26    / / /

27    / / /

28

-5-

37.  Specifically, multiple entities have expressed an interest in renting the stop-gap STS45 but Separator has had to turn down those rental offers because defendant refuses to return the stop-gap STS45.

38.  Defendant knew of the relationship. When defendant first indicated its intent to wrongfully retain the stop-gap STS45 in an attempt to gain leverage in its dispute with Separator regarding its deposit for the new STS45, Separator advised defendant that its actions would cause Separator harm, that other entities wished to rent the stop-gap STS45, and of the weekly rental price of the stop-gap STS45.

39.  Defendant nonetheless refused to return the stop-gap STS45 and explicitly refused to pay the weekly rental rate to retain the machine. In so doing, defendant intended to disrupt Separator's relationship with the other entities seeking to rent the stop-gap STS45.

40.  Separator was harmed, in that it now lacks possession of the stop-gap STS45 and is not being paid the fair market rental value of the stop-gap STS45. Separator is further harmed because it cannot provide the stop-gap STS45 to other entities as it would customarily be able to do. This has resulted in loss of goodwill and business opportunities for Separator. Defendant's conduct was a substantial factor in bringing about Separator's harm. Separator has been damaged in an amount not less than $25,000.

41.  Defendant's actions were willful, malicious, and intentionally carried out to harm Separator. Separator therefore requests an award of punitive damages.

VI.

<u>THIRD CAUSE OF ACTION</u>
(Breach of Contract)

42.  Separator hereby incorporates paragraphs 1 through 27 as though fully set forth herein.

43.  Separator and defendant had a written agreement consisting of several writings. The parties agreed as follows: Separator would manufacture a new STS-45 as a custom order for defendant. Defendant paid a $101,500 deposit. While the new machine was being prepared, Separator loaned defendant a stop-gap STS45. The stop-gap STS45 was to be returned

1    immediately when the new STS45 was ready to ship. Defendant agreed to accept the stop-gap

2    STS45 into its care, pay the full purchase price for the new STS45, and return the stop-gap STS45

3    immediately upon notice that the new STS45 was ready for delivery.

4        44.  Defendant breached the agreement. It cancelled its purchase of the new STS45 upon

5    being advised that it was ready for delivery. It has refused to return the stop-gap STS45. It will

6    not pay the fair market rental value for its improper holdover of the stop-gap STS45. It has not

7    paid the balance due for the new STS45. It has not paid the $12,500 invoice owed to Separator. It

8    has not paid the outstanding amounts owed to Separator for the interest contractually due on its

9    past-due payments. Rent for the holdover stop-gap STS45 continues to accrue.

10        45.  Separator is informed, believes, and thereon alleges that defendant has severely damaged

11    the stop-gap STS45.

12        46.  As a direct result of defendant's breach, Separator has been damaged in an amount not

13    less than $25,000.

VII.

FOURTH CAUSE OF ACTION
(Conversion – Damage to Property)

17        47.  Separator hereby incorporates paragraphs 1 through 27 as though fully set forth herein.

18        48.  Separator owned and had a right to possess the stop-gap STS45 at all times relevant to

19    this action. Separator loaned the stop-gap STS45 to Insight temporarily on the understanding and

20    agreement that the stop-gap STS45 would be immediately returned undamaged when Separator

21    notified defendant that the new STS45 was ready for delivery.

22        49.  Separator so notified Insight on or about August 8, 2018 and on multiple occasions

23    thereafter.

24        50.  Defendant refused and refuses to return the stop-gap STS45 to Separator, thereby

25    intentionally and substantially interfering with Separator's property.

26        51.  Separator is informed, believes, and thereon alleges that defendant has caused damage to

27    the stop-gap STS45.

28

COMPLAINT

1      52.  As a result of the damage, Separator will need to pay for costly repairs to the stop-gap

2    STS45. Separator has been damaged in an amount not less than $25,000 for said repairs.

3      53.  Defendant's actions were willful, malicious, and intentionally carried out to harm

4    Separator. Separator therefore requests an award of punitive damages.

5                             VIII.

6              FIFTH CAUSE OF ACTION

7                 (Restitution)

8      54.  Separator hereby incorporates paragraphs 1 through 53 as though fully set forth herein.

9      55.  Defendant has been unjustly enriched as a result of its actions herein. It has had the use

10   of the stop-gap STS45 for several months, rent-free. It has not paid the full amount owed to

11   Separator in the form of contractually due interest, the outstanding $12,500 invoice, or the

12   contract for the new STS45.

13      56.  Separator requests equitable restitution in an amount not less than $25,000.

14                             IX.

15             SIXTH CAUSE OF ACTION

16               (Declaratory Relief)

17      57.  Separator hereby incorporates paragraphs 1 through 53 as though fully set forth herein.

18      58.  A dispute has arisen between the parties as to their rights and interests in and to the

19   deposit paid by defendant and the stop-gap STS45 and the $12,500 invoice.

20      59.  Separator seeks a declaration that the entirety of the $12,500 invoice is due and must be

21   immediately paid to Separator by defendant.

22      60.  Separator further seeks a declaration that the stop-gap STS45 should have been returned

23   to Separator on August 10, 2018, that defendant must immediately allow a Separator employee on

24   its premises to inspect, decommission, and ship the stop-gap STS45.

25      61.  Separator further seeks a declaration that rent in the amount of $5,000 per week starting

26   August 10, 2018 must be paid by defendant until the date the stop-gap STS45 arrives at

27   Separator's premises.

28

62. Separator further seeks a declaration that the holdover of the stop-gap STS45 after August 10, 2018 was a willful and malicious act on the part of defendant warranting an award of punitive damages.

63. Separator further seeks a declaration that it is entitled to recover from defendant all costs of shipping the stop-gap STS45 to its premises and is entitled to recover from defendant costs for any damage to the stop-gap STS45 while at defendant's premises.

X.

SEVENTH CAUSE OF ACTION
(Open Book Account)

64. Separator hereby incorporates paragraphs 1 through 27 as though fully set forth herein.

65. Separator and defendant had financial transactions. Separator kept an account of the debits and credits involved in the transactions.

66. Defendant owes Separator not less than $12,500 on the account.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-9-

XI.

PRAYER

WHEREFORE, Separator prays for judgment against defendants, and each of them, as follows:

1. For damages in an amount not less than $25,000;

2. For punitive damages against each defendant in an amount not less than $500,000;

3. For reasonable costs;

4. For pre-judgment interest on any damages at the rate of ten percent per annum;

5. For a declaration that the entirety of the $12,500 invoice is due and must be immediately paid to Separator by defendant;

6. For a declaration that the stop-gap STS45 should have been returned to Separator on August 10, 2018, that defendant must immediately allow a Separator employee on its premises to inspect, decommission, and ship the stop-gap STS45

7. For a declaration that rent in the amount of $5,000 per week starting August 10, 2018 must be paid by defendant until the date the stop-gap STS45 arrives at Separator's premises;

8. For a declaration that the holdover of the stop-gap STS45 after August 10, 2018 was a willful and malicious act on the part of defendant warranting an award of punitive damages;

9. For a declaration that Separator is entitled to recover from defendant all costs of shipping the stop-gap STS45 to its premises and is entitled to recover from defendant costs for any damage to the stop-gap STS45 while at defendant's premises; and

10. For such other and further relief as the Court may deem just and proper.

Dated: September 13, 2018                    LLOYDWINTER, a
                                             Professional Corporation


By: _____
    Jennifer Panicker, Attorney for plaintiff
    Separator Technology Solutions US Inc.

-10-

EXHIBIT 2

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jody Winter #249592 / Jennifer Panicker #258656 / Sean Fredin #315513
LloydWinter, P.C.
1724 Broadway Street. Suite #6
Fresno, CA 93721
TELEPHONE NO.: 559-233-3636        FAX NO.: 559-385-2000
ATTORNEY FOR *(Name):* plaintiff Separator Technology Solutions US Inc.

*FOR COURT USE ONLY*

**E-FILED**

**9/17/2018 8:00 AM**

FRESNO COUNTY SUPERIOR COURT
By: A. Rodriguez, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   FRESNO
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: Civil Unlimited Division

CASE NAME:
Separator Technology v. Insight Brewing (see Attachment 1)

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CECG03120 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seven
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 11, 2018

Jody L. Winter
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Separator Technology v. Insight Brewing (see Attachment 1) | |

**ATTACHMENT** *(Number):* 1 _____

*(This Attachment may be used with any Judicial Council form.)*

PLAINTIFF:  Separator Technology Solutions US Inc.

DEFENDANT:  INSIGHT BREWING COMPANY, LLC and DOES 1-10

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 3 of 3

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT 3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INSIGHT BREWING COMPANY, LLC and DOES 1-10

E-FILED
9/17/2018 8:00 AM
FRESNO COUNTY SUPERIOR COURT
By: A. Rodriguez, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SEPARATOR TECHNOLOGY SOLUTIONS US INC.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.**

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Fresno County Superior Court<br>1130 "O" Street, Fresno, CA 93721 | CASE NUMBER:<br>*(Número del Caso):* 18CECG03120 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jody L. Winter/LloydWinter, P.C.; 1724 Broadway St., #6; Fresno, CA 93721   (559) 233-3636

| DATE: 9/17/2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>A. Rodriguez *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT 4

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department, Central Division**<br>**1130 "O" Street**<br>**Fresno, California  93724-0002**<br>**(559) 457-1900** | |
| | **Filed by Court** |

TITLE OF CASE:

**Separator Technology Solutions US Inc. vs. Insight Brewing Company, LLC**

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT<br>OF JUDGE FOR ALL PURPOSES | CASE NUMBER:<br>**18CECG03120** |
|---|---|

To All Parties and their Attorneys of Record:

> This case has been assigned to Judge **Kimberly Gaab** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **January 14, 2019** at **10:00 am** in **Third Floor Conference Room 305, Fresno, California.** of the court located at **1130 "O" Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **September 17, 2018**          Clerk, by _A. Rodriguez_ , Deputy

---

TCV-48  R03-09

**NOTICE OF CASE MANAGEMENT CONFERENCE AND**
**ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

EXHIBIT 5

# Case Information

18CECG03120 | Separator Technology Solutions US Inc. vs. Insight Brewing Company, LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| 18CECG03120 | Civil | Gaab, Kimberly |
| File Date | Case Type | Case Status |
| 09/17/2018 | 06 Unlimited - Breach of Contract/Warranty | Open |

# Party

**Plaintiff**
Separator Technology Solutions US Inc.

Active Attorneys ▾

Lead Attorney
Winter, Jody L.
Retained

Attorney
Panicker, Jennifer J.
Retained

**Defendant**
Insight Brewing Company, LLC

Inactive Attorneys ▾
  Pro Se

# Events and Hearings

09/17/2018 Civil case cover sheet ▼

Civil Case Cover Sheet

---

09/17/2018 Civil Complaint filed ▼

Complaint

---

09/17/2018 Summons issued and filed ▼

Summons

Summons issued and filed

---

09/17/2018 Notice of Hearing ▼

Notice of Hearing

   Comment
   CMC set for 1/14/19 at 10:00am

---

01/14/2019 Case Management Conference ▼

Hearing Time
10:00 AM

## Financial

Separator Technology Solutions US Inc.

| | Total Financial Assessment | | | | $435.00 |
| Total Payments and Credits | | | | | $435.00 |

| 9/17/2018 | Transaction Assessment | | | | $435.00 |
|---|---|---|---|---|---|
| 9/17/2018 | EFile Payment | Receipt # WEB-2018-68155 | Separator Technology Solutions US Inc. | | ($435.00) |

## Documents

Civil Case Cover Sheet

Complaint

Summons

Notice of Hearing

Summons issued and filed

EXHIBIT 6

1   Michael G. Marderosian, No. 077296 (mick@mcc-legal.com)
    Heather S. Cohen, No. 263093 (heather@mcc-legal.com)
2   MARDEROSIAN & COHEN
    1260 Fulton Street
3   Fresno, CA 93721
    Telephone: (559) 441-7991
4   Facsimile: (559) 441-8170

5   Attorneys for: Defendant INSIGHT BREWING COMPANY, LLC

6

7
                         SUPERIOR COURT OF CALIFORNIA
8
                     COUNTY OF FRESNO / CIVIL DIVISION
9

10  SEPARATOR TECHNOLOGY            )    Case No. 18CECG03120
    SOLUTIONS US INC.,              )
11                                  )    **NOTICE TO ADVERSE PARTIES OF**
                  Plaintiff,        )    **REMOVAL OF CASE TO FEDERAL**
12                                  )    **COURT BY DEFENDANT**
            v.                      )
13                                  )
    INSIGHT BREWING COMPANY, LLC,   )
14  and DOES 1-10, inclusive,       )
                                    )
15                Defendants.       )
                                    )
16  ─────────────────────────────  )

17        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

18        NOTICE IS HEREBY GIVEN that Defendant INSIGHT BREWING COMPANY, LLC, has

19  filed its Notice of Removal of the above-captioned action, a copy of which is attached hereto (without

20  exhibits), with the United States District Court for the Eastern District of California.

21        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d) the filing of said

22  Notice in the United States District Court, together with the filing of said Notice with this Court,

23  effects the removal of this action and the above-captioned Court may proceed no further unless and

24  until the case has been remanded.

25  Dated:  October 1, 2018              MARDEROSIAN & COHEN

26

27                                       By:_____/s/_____

28                                          Michael G. Marderosian
                                            Attorneys for Defendant INSIGHT
                                            BREWING COMPANY, LLC

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

1   Michael G. Marderosian, No. 077296 (mick@mcc-legal.com)
    Heather S. Cohen, No. 263093 (heather@mcc-legal.com)
2   MARDEROSIAN & COHEN
    1260 Fulton Street
3   Fresno, CA 93721
    Telephone:  (559) 441-7991
4   Facsimile: (559) 441-8170

5   Attorneys for:  Defendant INSIGHT BREWING COMPANY, LLC

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10  SEPARATOR TECHNOLOGY          )   Case No.
    SOLUTIONS US INC.,            )
11                                )   **NOTICE OF REMOVAL OF CASE TO**
                                  )   **FEDERAL COURT BY DEFENDANT**
12              Plaintiff,        )
                                  )   **[28 U.S.C. §§ 1441 and 1446]**
13       v.                       )
                                  )
14  INSIGHT BREWING COMPANY, LLC, )
    and DOES 1-10, inclusive,     )
15                                )
                Defendants.       )
16  _____)

17          Defendant INSIGHT BREWING COMPANY, LLC, through its attorneys of record, hereby

18  provides notice of removal of this case from the Fresno County Superior Court. This removal is based

19  on 28 U.S.C. §§ 1441(b) and 1446(b) on the following grounds.

20                              **JURISDICTION**

21          1.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1332(b), and

22  1441 because it is an action between diverse parties, the Defendant is not a citizen of the state in

23  which the action is pending, and the amount in controversy exceeds $75,000.

24          2.      District courts have original jurisdiction of the civil action where the matter in

25  controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). If any

26  defendant is a citizen of the state where the action is brought, the action may not be removed. 28

27  U.S.C. § 1441(b)(2).

28  ///

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

**PLEADINGS AND ORDERS**

3.      On September 17, 2018, Plaintiff filed its Summons, Complaint and Civil Case Cover Sheet with the Fresno County Superior Court ("Action"). On this same date the Summons was issued by the Fresno County Superior Court.

4.      On September 17, 2018, the Fresno County Superior Court issued a Notice of Case Management Conference and Assignment of Judge for All Purposes.

5.      On September 17, 2018, Defendant received a courtesy copy of the Summons and Complaint in the Action from counsel for Plaintiff.

6.      A copy of all of the pleadings in the Defendant's file are attached hereto as Exhibits 1 through 4 as follows:

| NO. | DATE | DOCUMENT | FILED BY |
|-----|------|----------|----------|
| 1 | 09/17/18 | Complaint | Plaintiff |
| 2 | 09/17/18 | Civil Case Cover Sheet | Plaintiff |
| 3 | 09/17/18 | Summons | Plaintiff |
| 4 | 09/17/18 | Notice of Case Management Conference and Assignment of Judge for All Purposes | Fresno County Superior Court |

7.      The only matters set for hearing in the Fresno County Superior Court is the Case Management Conference on January 14, 2019.

**NOTICE OF REMOVAL IS TIMELY**

8.      On September 17, 2018, Defendant received a courtesy copy of the Summons and Complaint in the Action from counsel for Plaintiff. See Correspondence attached as Exhibit A to the accompanying Declaration of Michael G. Marderosian.

9.      Defendant has not been formally served with the Summons and Complaint and therefore no date for Defendant's response to the Complaint is yet set. No proof of service of the Summons and Complaint has been filed in the Fresno County Superior Court. A copy of the Fresno County Superior Court docket is attached hereto as Exhibit 5.

**VENUE AND INTRADISTRICT ASSIGNMENT**

10.     The Action was filed in the Fresno County Superior Court. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(1), 1391, 1441(a) and 1446.

1   **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT**

2   11.   As alleged in Paragraph 2 of the Complaint, Insight Brewing Company, LLC, is a

3   limited liability company with its principal place of business in Minneapolis, Minnesota. See the

4   Complaint attached as Exhibit A and the Minnesota Secretary of State Business Records Detail

5   attached as Exhibit B to the accompanying Request for Judicial Notice.

6   12.   Because the remaining defendants are fictitiously named, their citizenship need not be

7   considered for purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d

8   676, 690-691 (9th Cir. 1998).

9   **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

10   13.   The amount in controversy exceeds $75,000, exclusive of interest and costs. See Page

11   10 of the Complaint attached hereto as Exhibit 1 and attached as Exhibit A to the accompanying

12   Request for Judicial Notice.

13   **NOTICE TO PLAINTIFF**

14   14.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal

15   has been made. A copy of the Notice to Adverse Parties of Removal of Case to Federal Court which

16   attaches this Notice of Removal and will be filed with the Fresno County Superior Court is attached

17   hereto as Exhibit 6.

18   **THERE IS ALREADY LITIGATION BETWEEN THESE PARTIES**
**OVER THIS ISSUE PENDING IN THE**
19   **UNITED STATES DISTRICT COURT OF MINNESOTA**

20   15.   There is currently an action pending in the United States District Court, District of

21   Minnesota, Case No. 0:18-CV-02621, between these Parties pertaining to the contract in question.

22   A copy of this Complaint is attached as Exhibit B to the accompanying Declaration of Michael G.

23   Marderosian.

24   WHEREFORE, Defendant prays that this action be removed to this Court.

25   Dated:  October 1, 2018                    MARDEROSIAN & COHEN

26

27                                        */s/ Michael G. Marderosian*
                                    By:_____
28                                          Michael G. Marderosian
                                          Attorneys for Defendant INSIGHT
                                           BREWING COMPANY, LLC

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF FRESNO

3

     I am employed in the county aforesaid; I am over the age of eighteen years and not a party to

4

the within entitled action; my business address is 1260 Fulton Street, Fresno, California 93721.

5

     On October 1, 2018, I served the within **NOTICE TO ADVERSE PARTIES OF**

6

**REMOVAL OF CASE TO FEDERAL COURT BY DEFENDANT** on the interested parties in said

7

action, as listed below:

8

**ATTORNEY:**                                              **PARTY:**

9

Jody L. Winter, Esq.                                      Plaintiff SEPARATOR TECHNOLOGY
Jennifer L. Panicker, Esq.                               SOLUTION US INC.

10

LLOYD WINTER, P.C.
1724 Broadway Street, Suite #6

11

Fresno, CA 93721
Telephone: (559) 233-3636

12

Facsimile: (559) 385-2000
Email: jwinter@lloydwinterlaw.com

13

14

☒   Via U.S. Mail:      I am readily familiar with the firm's practice for collection and processing of

15

                    correspondence for mailing with the United States Postal Service. The practice is
                    to deposit correspondence with the United States Postal Service the same day it is

16

                    placed for mailing in the ordinary course of business. I placed the envelope(s),
                    with postage prepaid, for collection and processing for mailing following said
                    practice. (C.C.P. § 1013, *et seq.*)

17

☐   Via Hand Delivery:   I caused the document(s) listed above to be served via hand delivery to the

18

                    address(es) listed above.
                    (C.C.P. § 1013, *et seq.*)

19

☐   Via Overnight Courier:   I caused the document(s) listed above to be served by overnight courier to the

20

                    address(es) listed above.
                    (C.C.P. § 1013, *et seq.*)

21

☐   Via Facsimile:     I served the document(s) listed above via facsimile transmission to the number(s)

22

                    listed above.
                    (C.C.P. § 1013, *et seq.*)

23

☐   Via Email:        I served the document(s) listed above via electronic transmission to the email
                    address(es) listed above.

24

☒   State:          I declare under penalty of perjury under the laws of the State of California that the

25

                    foregoing is true and correct.

26

☐   Federal:       I declare that I am employed in the office of a member of the bar of this court at
                    whose direction service was made.

27

28

Executed on October 1, 2018, at Fresno, California.

_____
Kate Holly

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

3